YARNELL *v.* MECHANICS' INSURANCE COMPANY OF PHILADELPHIA.

Opinion delivered February 4, 1929.

*John E. Miller,* for appellant.
*Golden Blount,* for appellee.

MEHAFFY, J. The appellee brought this suit to collect $81. The suit was based on the following note:

"The company is authorized to insert the
number of policy-in this note.

"$81.00. For value received, in policy No. CF 110, dated................................19............, issued by Mechanics' Insurance Company of Philadelphia, I promise to pay said company, or order, at its office in Chicago, Illinois, with expenses of collection and attorney's fees, and without relief from valuation or appraisement law, the sum of eighty-one and no/100 dollars, payable without interest in installments as follows: Twenty dollars and twenty-five cents on the first day of December, 1926, and twenty dollars and twenty-five cents on the first day of December, 1927, and twenty dollars and twenty-five cents on the first day of December, 1928, and twenty dollars and twenty-five cents on the first day of December, 1929.

"This note is for insurance, and, in case of loss under the policy for which it is given, the company is hereby authorized to deduct from the amount of said loss the entire amount of unmatured installments of this note. And it is hereby agreed that, in case any one of the installments herein named shall not be paid at maturity, or if any single payment promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium for said policy, shall not be paid when due, this company shall not be liable for loss during such default, and the said policy shall lapse until payment is made to this company, and the whole amount of installments or notes remaining unpaid on said policy may be declared earned, due and payable, and may be collected by law. In case of the sale of the property insured under said policy before maturity of this note, this note shall become due and payable immediately.

"Dated at Searcy, Arkansas, this 5th day of December, 1925.

"J. Pitts Yarnell.

"Witness: C. A. Foster."

The circuit court directed a verdict in favor of the appellee, and appellant prosecutes this appeal to reverse the judgment of the circuit court.

In addition to the note above given in evidence, the appellant testified as follows: The policy of fire insurance was delivered, and appellant paid the yearly premium of $20.25; paid this sum at the time the policy was issued. That kept the policy in force one year. At the same time the company requested that a note be executed as evidence of four additional years at $20.25 per year, and the note which has been introduced in evidence was executed by him at the time. Witness was to pay $20.25 each year to keep the policy in force. The policy was dated December 5, 1925, and the premium which witness paid in this case made the policy in force until December 5, 1926.

On March 25, 1926, a fire destroyed the property and destroyed the copy of the policy which was in appellant's possession, and he did not have a copy. The adjuster came to see appellant, and had a copy of the policy, and made settlement with him for the face of the policy. Appellant afterwards received a letter from the company, asking him to pay the other installments of the note. He wrote the company, giving it as his understanding of the contract, and stated to the company that he did not consider he owed anything; and, in response to that letter, he received the following reply:

"Mr. J. Pitts Yarnell,
Searcy, Aransas.

"*In re*: Policy No. CF-110.

"Dear sir: Please disregard our letter to you of December 22, concerning an apparent delinquent note payment under this policy. This notice was sent to you through a misunderstanding, the above canceled policy having been in our possession at that time.

"Regretting any inconvenience we may have occasioned you, we remain,

"Very truly yours,

"W. J. Schmidt,

"Assistant Secretary."

When the adjuster came to see appellant he had a copy of the policy, and stated that the settlement was made in accordance with the copy of the policy which he had.

The appellant contends that the court erred in instructing the jury to find for the plaintiff, and cites and relies on the case of *American Ins. Co. of Chicago* v. *Storey,* 41 Mich. 385, 1 N. W. 877.

The majority of the court, however, are of opinion that the court did not err in directing a verdict for the plaintiff; that he was justified in so directing the jury under the authority of *American Ins. Co.* v. *Austin, ante,* p. 566. The installment note in the above case contained provisions very similar to the installment note in the instant case. In that case the court said:

"The cash payments made on the premium at the time the application was taken, although one-fifth of the premium on the policy for five years, did not constitute a payment of the premium for one year's insurance, but only a partial payment of a premium on a five-year policy of insurance."

And, in the instant case, the cash payment, according to the opinion of the majority, did not constitute a payment of the premium for a one-year policy of insurance. And in this case the undertaking of the insurer was not to insure the appellant's property from year to year, but for a period of five years, on condition that he pay cash one-fifth of the premium, and execute note for the balance, payable at intervals mentioned in the note.

The appellant also contends that the court erred in its refusal to give instructions requested by the appellant. And also it is contended that the court erred in its refusal to permit the introduction of the policy in evi-

dence, but appellant does not offer to show how he was prejudiced by the policy not being introduced.

Having reached the conclusion above with reference to the note and the policy, it necessarily follows that the court did not err either in its failure to give instructions or in its refusal to permit the policy to be introduced in evidence.

The writer of this opinion does not concur in the views above expressed, for the reason that he believes that the policy of insurance and note constituted one contract, and that, when the adjuster came to settle the matter, he had the policy with him, and, according to his statement, it was adjusted and settled according to the terms of the policy. The majority of the court, however, are of opinion that the case is controlled by the case of *American Ins. Co.* v. *Austin, supra,* and the judgment of the circuit court is therefore affirmed.